## SMITH, TRUST OF, IN RE

Ohio Appeals, 2nd Dist, Franklin Co

No 2929. Decided March 27, 1939

Carl E. Tresemer, Columbus, for Sarah E. Smith, appellant.

Bricker, Power & Barton, Columbus, for Phil S. Bradford, Exr.

(HORNBECK, PJ, and GUERNSEY, J, of the Third Appellate District, sitting by designation.)

## OPINION

By BARNES, J.

The above entitled cause is now being

determined as an error proceeding by reason of an appeal by Sarah E. Smith on question of law from the judgment of the Probate Court of Franklin County, Ohio.

This branch of the case originated in the Probate Court on the application of Henry G. Binns, Trustee, of the above trust, for an order requiring Phil S. Bradford, executor de bonis non of the Last Will and Testament of Carrie F. Smith, deceased, to show cause why he should not comply with said judgment and decree of said court in a declaratory action under date of July 31, 1937, by forthwith paying to said trustee a balance of $969.39 claimed by said trustee to be still due and owing on said judgment.

Upon hearing the Probate Court made the following finding:

"And said Phil S. Bradford, Executor de bonis non, etc., being present and represented in open court by counsel, and upon the statements and arguments of counsel and the evidence adduced, the court, being fully advised in the premises, finds that all of the beneficiaries in trust, by their respective counsel, have entered into a compromise and settlement agreement with said Phil S. Bradford, executor de bonis non, etc., wherein and whereby in consideration of the dismissal of all of the several appeals from the said judgment of this court in said action for concealment of assets, and in said suit for declaratory judgment and an accounting, thereby terminating all pending litigation, said beneficiaries of the within trust agree that Henry G. Binns, trustee of the within trust, should accept from Phil S. Bradford, executor de bonis non, etc., said 388.42 shares of 6% preferred stock of said The Smith Brothers Hardware Company and the sum of $5790.35 in full satisfaction and discharge of said judgment.

It is therefore considered, adjudged and decreed that said Henry G. Binns, as trustee of the within trust, be and he hereby is authorized, ordered and directed to execute and deliver to said Phil S. Bradford, executor de bonis non, etc., his receipts, as trustee herein, for said 388.42 shares of said preferred stock and said sum of $5790.35 in cash heretofore collected by him as aforesaid, and to execute and deliver to said Phil S. Bradford, executor, de bonis non, etc., a full and complete release and satisfaction of said judgment."

We have examined the evidence in its entirety as it relates to the aforesaid citation to show cause, etc.

The evidence abundantly supports the court's finding and therefore is a full and complete answer to the citation.

Adversary parties acting in their own rights have a right to settle their pending litigation and when such litigation is dismissed and settlement consummated in the absence of fraud or mistake it is binding on the parties.

There is much more reason for the application of the rule where the parties to the litigation are acting in a representative capacity and the agreement of settlements is instigated by the beneficiaries and is carried to a consummation through action and order of the court having jurisdiction over the fiduciaries. This was the exact situation presenting itself in the instant proceeding.

Many of the interested parties had taken appeals from a former adjudication seeking a declaratory judgment and in which proceeding Phil S. Bradford, executor de bonis non was ordered to turn over to Henry G. Binns, trustee, the 388.42 shares of preferred stock aforesaid and in addition pay the accumulated dividends in a sum totaling $969.39 more than the agreed settlement amount. Bradford, executor de bonis non, had taken appeal as had also Binns, trustee.

It was the desire of each and all of the beneficiaries that the long-drawn-out litigation should terminate whereby the parties might receive their benefits immediately. The present appellant, Sarah E. Smith, was one of the beneficiaries and her counsel was one

of prime movers in bringing about the settlement.

In the hearing below she quibbled somewhat that her attorney had not advised her as to the amount of money to be deducted from the original judgment, one-half of which would belong to her. However, she aid admit that she authorized her counsel to use his best judgment in bringing about a settlement.

We have no difficulty in arriving at the conclusion that the orders and judgment of the Probate Court should be affirmed, and entry may be provided accordingly.

Cause remanded for further proceedings according to law.

Costs adjudged against the appellant.

HORNBECK, PJ, and GUERNSEY, J., concur.